

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 21, 1939

Mr. E. F. Jennings
County Auditor
Hardin County
Kountze, Texas

Dear Sir:

Opinion No. O-411
Re: Compensation of County Treasurer
under Article 3941, Revised Civil
Statutes, 1925.

Referring to your letter of March 2nd, we beg
to advise that your request for an opinion upon the fol-
lowing question contained in your letter has received
our attention:

"Under the statutes allowing County
Treasure compensation is the commissioners'
court vested with the authority to advance
or allow compensation unearned based as to
one, two, or three months bears to the annual
compensation fixed by the statutes?

"Or more fully explained if the County
Treasure is to be paid commissions or com-
pensation at the rate of $166.66, and $166.67
monthly, would the commissioners' court have
the authority to pay or advance the $66.66 or
$66.67 on each of the months remaining in the
year after two or three monthly compensations
of $166.66 have been paid?"

The following statutory provisions, or relative
parts thereof, pertain to the compensation of the County
Treasurer:

"Art. 3941. The county treasurer shall
receive commissions on the moneys received

and paid out by him, said commissions to be
fixed by order of the commissioners court
as follows: For receiving all moneys, other
than school funds, for the county, not ex-
ceeding two and one-half per cent, and not
exceeding two and one-half per cent for pay-
ing out the same; provided, that he shall
receive no commissions for receiving money
from his predecessor nor for paying over
money to his successor in office."

"Art. 3943. The commissions allowed to
any County Treasurer shall not exceed Two
Thousand Dollars ($2000) annually;...."

The case of Davenport et al vs. Eastland
County, reported in 60 SW 243, the Supreme Court con-
strued the above provision as to the intention of the
Legislature with reference to compensation of the County
Treasurer, to give to the County Treasurer $2,000.00
per annum, to be paid out of fees which might be fixed
by the Commissioners' Court, if such fees should amount
to that sum. This case, we think, clearly designates
when this compensation is earned or payable by stating
that same should be treated as if the County Treasurer
were on a salary of $2,000.00 a year, and be given his
proportionate part of such salary for the length of
time he was engaged in serving the county, provided
the fees accruing during the time should be equal to
that proportion of the whole salary.

It appears from the Davenport case, supra, that
the compensation of the County Treasurer as fixed by
statute is based upon the length of time served, regard-
less of when commissions are earned. We are unable to
find any statutory authority for the Commissioners' Court
to advance salary or make a loan of public funds. In fact,
Section 52 of Article 3 of the Constitution of Texas pro-
hibits the county from lending its credit or funds.

It is, therefore, the opinion of this Depart-
ment that under the statutory provisions allowing the

County Treasurer commissions, limiting same not to exceed $2,000.00 annually, the Commissioners' Court is unauthorized to advance or allow compensation unearned based proportionately as one, two or three months bears to the annual maximum compensation.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:AW

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL OF TEXAS